UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-80745-Civ-HURLEY
   (07-60119-Cr-HURLEY)
MAGISTRATE JUDGE P. A. WHITE

HAROLD DORVIL,                    :

          Movant,                 :

v.                                :            REPORT OF
                                               MAGISTRATE JUDGE
UNITED STATES OF AMERICA,  :

          Respondent.             :
_____

Introduction

        This matter is before this Court on the movant's motion to
vacate pursuant to 28 U.S.C. §2255, attacking his convictions and
sentences for eleven counts of wire fraud entered following a
guilty plea in case no. 07-60119-Cr-Hurley.

        The Court has reviewed the motion (Cv-DE#1) with supporting
memorandum (Cv-DE#2), the government's response (Cv-DE#7), the
movant's reply (Cv-DE#8), the Presentence Investigation Report
(PSI), and all pertinent portions of the underlying criminal file.

        Construing the movant's claims liberally as afforded *pro se*
litigants, pursuant to Haines v. Kerner, 404 U.S. 419 (1972), the
movant appears to raise the following two claims:

              1.   He was denied effective assistance of
                   counsel at sentencing, where his lawyer
                   failed to object to the unsubstantiated
                   description of the movant's offense as "a
                   pretty massive fraud." (Cv-DE#1:5; Cv-
                   DE#2).

              2.   He was denied effective assistance of
                   counsel on appeal, where his lawyer

failed to assign as error that the court
made an unsubstantiated determination
that the movant's offense involved "a
pretty massive fraud." (Cv-DE#1:6; Cv-
DE#2).

<u>Procedural History</u>

The procedural history of the underlying criminal case reveals
that the movant was charged with and pleaded guilty to eleven
counts of wire fraud, in violation of 18 U.S.C. §1343 (Counts 1-
11). (Cr-DE#s1,41). Pursuant to the terms of the negotiated written
plea agreement, the movant acknowledged that the sentence would be
imposed by the court after considering the advisory guideline
sentence. (Cr-DE#41:1). The movant further acknowledged that the
court may depart from the applicable advisory guideline range and
impose a sentence that is either more or less severe than the
guideline sentence. (<u>Id</u>.:2). The movant agreed that the court was
required to consider the advisory guideline sentence, but was not
bound to impose such a sentence. (<u>Id</u>.). Rather, the court was
permitted to tailor the ultimate sentence in light of other
statutory concerns, and that the court could ultimately impose a
more severe or less severe sentence than the advisory guideline
sentence. (<u>Id</u>.). The movant also understood that he faced a
statutory maximum of up to 30 years in prison as to each count of
conviction. (<u>Id</u>.:4). The movant further agreed to waive his right
to appeal the sentence imposed, including any restitution order, or
to appeal the manner in which the sentence was imposed, unless the
sentence exceed the maximum permitted by statute or is the result
of an upward departure from the guideline range that the court
establishes at sentencing. (<u>Id</u>.:5-6).

In exchange, the government agreed to dismiss Counts 12
through 22 after sentencing. (<u>Id</u>.:2). The government further agreed

2

to recommend that the movant's base offense level be reduced up to three levels based on the movant's timely acceptance of responsibility. (Id.:2-3).

The government and the movant agreed that, although not binding on the probation officer or the court, they would jointly recommend that the court making the following findings and conclusions:

a.   that the base offense be set at a level 7 pursuant to U.S.S.G. §2B1.1(a)(1);

b.   that the relevant amount of actual, probable or intended loss is $242,021.93, therefore, a 12 level increase to the base offense level pursuant to U.S.S.G. §2B1.1(b)(1)(G) is appropriate;

c.   that argument concerning the number of victims shall be deferred until sentencing;

d.   that a two level increase pursuant to U.S.S.G. §2B1.1(b)(10)(C) is warranted because the offense involved the unauthorized transfer or use of any means of identification or the possession of five or more means of identification that unlawfully were produced from, or obtained by the use of another means of identification; and,

e.   that the movant will pay restitution in the amount of $242,021.93.

(Cr-DE#41:3-4).

Prior to sentencing, a PSI was prepared which reveals as follows. The PSI calculated the petitioner's base offense level at 7, pursuant to U.S.S.G. §2B1.1, based on an offense involving fraud or deceit. (PSI ¶29). Because the loss was more than $200,000 but

not more than $400,000, the offense level was increased twelve levels pursuant to U.S.S.G. §2B1.1(b)(1)(G), resulting in an adjusted offense level 19. (PSI ¶30). An additional six levels were added, pursuant to U.S.S.G. §2B1.1(b)(2)(C), because the offense involved 250 or more victims, resulting in an adjusted offense level 25. (PSI ¶31). Two more levels were added to the base offense, pursuant to U.S.S.G. §2B1.1(b)(10)(C)(i), because the offense involved the unauthorized transfer or use of any means of identification unlawfully to produce or obtain any means of identification, resulting in an adjusted offense level 27. (PSI ¶32). Three levels were then deducted, pursuant to U.S.S.G. §3E1.1(a), based on the movant's timely acceptance of responsibility, resulting in a total offense level 24. (PSI ¶¶38-40).

The probation officer next determined that the movant had a total of 8 criminal history points, resulting in a criminal history category IV. (PSI ¶46). A total adjusted base offense level 24 and a criminal history category IV, resulted in a guideline range of 77 to 96 months in prison. (PSI ¶78). Statutorily, the movant faced a minimum of zero and up to 30 years in prison pursuant to 18 U.S.C. §1343. (PSI ¶59).

The movant filed objections to the PSI (Cr-DE#50), asserting that there was only one victim with an actual loss, therefore the six level increase for 250 or more victims should not have been assessed, and the base offense level should be decreased accordingly. (Id.).

On February 8, 2008, the movant appeared for sentencing. (Cr-DE#75). After the court heard argument of counsel regarding the objections to the PSI, it overruled the objection to the six level enhancement based on the number of victims. (Id.:28-41).

4

Thereafter, the court sentenced the movant to the low end of the applicable guideline range to a term of 77 months in prison, followed by three years supervised release. (Id.:50-52).

The movant appealed, asserting that the court erred in upholding the six level enhancement based on the number of victims, and also arguing that the appeal waiver should be set aside in order to avoid a miscarriage of justice. (Cv-DE#2:4). On November 20, 2008, the Eleventh Circuit Court of Appeals granted the government's motion to dismiss the appeal due to a valid appeal waiver as contained in the movant's plea agreement. (Cr-DE#77). For purposes of the federal, AEDPA one-year limitations period, the movant's conviction became final at the latest on February 20, 2009, ninety days after the appeal was dismissed by the appellate court, when time expired for seeking certiorari review with the Supreme Court.[1] Thus, the movant was required to file this motion to vacate within one year from the time the judgment became final, or no later than February 20, 2010. See Griffith v. Kentucky, 479 U.S. 314, 321, n.6 (1986). This motion to vacate was timely filed on May 12, 2009.[2]

## Discussion of Claims

As will be demonstrated in more detail *infra*, the movant is

---

[1]For federal purposes, a conviction is final when a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied. Griffith v. Kentucky, 479 U.S. 314, 321, n.6 (1986); accord, Bond v. Moore, 309 F.3d 770 (11 Cir. 2002); Coates v. Byrd, 211 F.3d 1225 (11 Cir. 2000). Ordinarily, a petition for writ of certiorari must be filed within 90 days of the date of the entry of judgment, rather than the issuance of a mandate. Supreme Court Rule 13.

[2]See: Adams v. U.S., 173 F.3d 1339 (11 Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

not entitled to vacatur on any of the claims presented.[3] When
viewing the evidence in this case in its entirety, the alleged
errors raised in this collateral proceeding, neither individually
nor cumulatively, infused the proceedings with unfairness as to
deny the petitioner a fundamentally trial and due process of law.
The petitioner therefore is not entitled to habeas corpus relief.
See Fuller v. Roe, 182 F.3d 699, 704 (9 Cir. 1999)(holding in
federal habeas corpus proceeding that where there is no single
constitutional error existing, nothing can accumulate to the level
of a constitutional violation), overruled on other grounds, Slack
v. McDaniel, 529 U.S. 473, 482 (2000). See also United States v.
Rivera, 900 F.2d 1462, 1470 (10 Cir. 1990)(stating that "a
cumulative-error analysis aggregates only actual errors to
determine their cumulative effect."). Contrary to the petitioner's
apparent assertions, the result of the proceedings were not
fundamentally unfair or unreliable. See Lockhart v. Fretwell, 506
U.S. 364, 369-70 (1993).

Here, the movant challenges counsel's effectiveness for
multiple reasons. In order to prevail on a claim of ineffective
assistance of counsel, the movant must establish: (1) deficient
performance - that his counsel's representation fell below an
objective standard of reasonableness; and (2) prejudice - but for
the deficiency in representation, there is a reasonable probability
that the result of the proceeding would have been different.
Strickland v. Washington, 466 U.S. 668 (1984); Chandler v. United

---

[3]Briefly, as narrated previously in this Report, the evidence against the
petitioner was more than sufficient to support his convictions. The petitioner
has not shown that the result of the proceeding would have been affected had
counsel proceeded differently. In other words, no deficient performance or
prejudice pursuant to Strickland has been established arising from any of the
claims raised in this collateral proceedings, nor has a denial of due process
been demonstrated. To the contrary, it is clear after independent review of the
record that no constitutional violations occurred. Consequently, he has failed
to demonstrate that he is entitled to habeas corpus relief in this collateral
proceeding.

<u>States</u>, 218 F.3d 1305 (11th Cir. 2000)(<em>en banc</em>). The standard is the same for claims of ineffective assistance on appeal. <u>Matire v. Wainwright</u>, 811 F.2d 1430, 1435 (11 Cir. 1987). A court may decline to reach the performance prong of the standard if it is convinced that the prejudice prong cannot be satisfied. <u>Id</u>. at 697; <u>Waters v. Thomas</u>, 46 F.3d 1506, 1510 (11 Cir. 1995).

In the case of ineffective assistance during the punishment phase, prejudice is established if "there is a reasonable probability that but for trial counsel's errors the defendant's non-capital sentence would have been significantly less harsh." <u>Spriggs v. Collins</u>, 993 F.2d 85, 88 (5th Cir. 1993); <u>United States v. Bartholomew</u>, 974 F.2d 39, 42 (5th Cir. 1992). A reasonable probability is a probability sufficient to undermine confidence in the outcome. <u>Strickland</u>, 466 U.S. at 694. The court need not address both prongs of the Strickland standard if the complainant has made an insufficient showing on one. <u>Id</u>. at 697. However, a movant must establish that the sentence was increased due to counsel's deficient performance. <u>Glover v. United States</u>, 531 U.S. 198, 203-204 (2001).

In the context of a case in which guilty pleas or the equivalent were entered, application of the second prong of the two-prong <u>Strickland</u> standard requires a showing that there is a reasonable probability that but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial. <u>Hill v. Lockhart</u>, 474 U.S. 52 (1985). No such showing has been made here.

Moreover, review of counsel's conduct is to be highly deferential. <u>Spaziano v. Singletary</u>, 36 F.3d 1028, 1039 (11 Cir. 1994), and second-guessing of an attorney's performance is not permitted. <u>White v. Singletary</u>, 972 F.2d 1218, 1220 ("Courts should

at the start presume effectiveness and should always avoid second-guessing with the benefit of hindsight."); Atkins v. Singletary, 965 F.2d 952, 958 (11 Cir. 1992). Because a "wide range" of performance is constitutionally acceptable, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." Rogers v. Zant, 13 F.2d 384, 386 (11 Cir. 1994).

Finally, although the sentencing process may be reviewed by the district court on a §2255 motion, the severity of a sentence within statutory limits may not be reviewed because it raises no constitutional or statutory question. Kett v. United States, 722 F.2d 687, 690 (11th Cir. 1984); see also, Nelson v. United States, 709 F.2d 39, 40 (11th Cir. 1983)(citing, United States v. Diaz, 662 F.2d 713, 719 (11th Cir. 1981); United States v. Becker, 569 F.2d 951, 965 (5th Cir.), cert. denied, 439 U.S. 865 (1978), United States v. White, 524 F.2d 1249, 1254 (5th Cir. 1975), cert. denied, 426 U.S. 922 (1976).; See also Williams v. Alabama, 403 F.2d 1019, 1020 (5th Cir. 1968)(§2254 habeas case)(sentence within statutory limit is generally not subject to constitutional attack); Castle v. United States, 399 F.2d 642, 652 (5th Cir.1968) (§2255 case) (sentence within statutory limit is not reviewable on appeal and does not amount to a constitutional violation). These former Fifth Circuit decisions are controlling authority in this circuit. Bonner v. City of Prichard, Alabama, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

In **claim one**, the movant asserts that he was denied effective assistance of counsel, where his lawyer failed to object to the unsubstantiated description of the movant's offense as "a pretty massive fraud." (Cv-DE#1:5; Cv-DE#2). According to the movant, at sentencing, the court denied the movant's request for a sentence below the low end of the advisory guidelines, noting without

substantiating, that the movant's offenses involved a "pretty massive fraud." (Id.). Alternatively, the movant appears to argue that the six level enhancement based on the number of victims was unlawful because there was only one victim, Innovative Merchant Solutions, who suffered an actual loss for restitution purposes. (Id.). Regarding the number of victims, this claim is clearly refuted by the record, and without merit.

As to the court's statement that the offenses involved a "pretty massive fraud," no showing has been made that had counsel objected to the court's comment, that the court would have imposed a sentence outside the low end of the applicable guideline range. To the contrary, it is evident that the court's findings regarding the nature and extent of the wire frauds was not erroneous. Thus, the movant cannot satisfy the prejudice under Strickland arising from counsel's failure to object to the court's findings at sentencing, or for failing to raise the issue on appeal. Regarding appellate counsel's deficiency in this regard, as will be recalled, the appeal was dismissed by the Eleventh Circuit on the basis that the movant had waived his right to a direct appeal. No showing has been made here that the waiver was anything other than knowing and voluntary. In fact, review of the change of plea transcript reveals that the movant's plea was knowing and voluntary, and that he specifically agreed to waive his direct appeal rights as part of the negotiated written plea agreement. Thus, the movant cannot establish prejudice arising from counsel's failure to raise this issue on appeal which would have been precluded from review, as correctly determined by the appellate court. See Matire v. Wainwright, 811 F.2d 1430, 1435 (11 Cir. 1987).

Regarding the number of victims, the factual proffer, as well as, the information contained in the PSI, and the arguments raised at sentencing reveal that the movant fraudulently applied for and

received credit in the names of actual victims. (PSI-Third Addendum). In fact, the movant fraudulently utilized the identities and personal information from 329 victims in order to secure business and personal accounts with Innovative Merchant Solutions. Although each of these victims were repaid and compensated by Innovative Merchant Solutions, the individuals/victims nevertheless did sustain losses and were harmed by the movant's actions.

U.S. Sentencing Guidelines §2B1.1(b)(2)(D) provides that the basic offense level should be increased six levels if the offense involved 250 or more victims. The Guidelines Application Notes define a victim as "any person who sustained any part of the actual loss determined under subsection (b)(1)." U.S.S.G. §2B1.1, comment. (n.3(A)ii)). The Guidelines further define actual loss as reasonably foreseeable pecuniary harm resulting from the offense. Id. at n.2(A)(i). Pecuniary harm is defined as monetary or other harm that can be monetized but excludes emotional distress, harm to reputation, or non-economic harm. Id. at n.2(A)(iii). For a pecuniary harm to be reasonably foreseeable, the defendant must have known or, in the circumstances, reasonably should have known that the harm was a potential result of the offense. Id. at n.2(A)(iv).

When the issue was argued by defense counsel for the same reasons set forth in this collateral proceeding, the court sustained the six level enhancement based on the fact that there were at least 329 victims. (Cr-DE#75:34-35). In so ruling, the court found that all of the individuals whose identities were stolen and who sustained charges are victims, regardless of whether the fraudulent charge was ultimately eradicated and happens to be one financial entity who ends up sharing the totality. Id. This finding was not error. In United States v. Lee, 427 F.3d 881 (11th Cir. 2005), the Eleventh Circuit specifically held that mail fraud

victims who had been reimbursed for their losses nevertheless qualified as "victims" for purposes of the Guidelines calculations. The court reasoned that inherent in the credit against loss provision is an acknowledgment that there was in fact an initial loss, even though it was subsequently remedied by recovery of collateral or return of goods. Id. at 895. The court concluded that a victim who is reimbursed for his losses qualifies as a victim for purposes of U.S.S.G. §2B1.1(b)(2). Id. As previously narrated, the PSI set forth that there were over 329 victims resulting from the movant's unlawful activity. (PSI ¶¶18-25). Even if these victims were reimbursed for their loss by another party, the court properly treated them as victims for purposes of the six level enhancement under the guidelines. See United States v. Cornelius, 202 Fed.Appx. 437, 438-439 (11th Cir. 2006). Consequently, no deficient performance or prejudice has been established arising from counsel's failure to pursue this issue further either at sentencing or on appeal. Strickland v. Washington, supra. The movant is thus entitled to no relief on this basis.

Finally, it should be noted that the court's comment that the offenses involved a "massive fraud" is of no import to the ultimate sentence imposed. In this case, the Court in fashioning a sentence considered the statutory factors pursuant to 18 U.S.C. §3353(a), and concluded that a sentence within the advisory guideline range was appropriate. (Cr-DE#75:48-50). The court rejected movant's argument that a sentence below the advisory guideline range was appropriate because it had also considered the fact that the movant continued to be involved in fraudulent activities even after the commission of the instant offenses, as noted by the criminal history reflected in the PSI. (Id.:49). Consequently, on the record before this court, there is no showing made that any argument in this regard would have succeeded. The movant is thus entitled to no relief on this claim.

11

In **claim two**, the movant argues that he was denied effective assistance of counsel on appeal, where his lawyer failed to assign as error that the court made unsubstantiated determination that the movant's offense involved "a pretty massive fraud." (Cv-DE#1:6; Cv-DE#2). This is a mere reiteration of the arguments raised in relation to claim one above and should be denied for the reasons expressed therein. To the extent the movant appears to argue that there was a breakdown in communication or that he otherwise did not understand that he was waiving the right to pursue the issue on appeal as part of the written plea agreement, that claim is clearly refuted by the record. See Cr-DE#74-Change of Plea Transcript.

Finally, the movant's request for an evidentiary hearing on his claims of ineffective assistance of counsel should be denied. A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations or affirmatively contradicted by the record. See Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989), citing, Guerra v. United States, 588 F.2d 519, 520-21 (5th Cir. 1979). As previously discussed in this Report, the claims raised are unsupported by the record or without merit. Consequently, no evidentiary hearing is required.

## Conclusion

It is therefore recommended that this motion to vacate sentence be denied in its entirety.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Signed this 1st day of June, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Harold Dorvil, Pro Se
     Reg. No. 72785-004
     F.C.I. - Big Spring
     2001 Rickabaugh Drive
     Big Spring, TX 79720

     Marc S. Anton, AUSA
     U.S. Attorney's Office
     500 E. Broward Blvd., 7th Floor
     Ft. Lauderdale, FL 33394